UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE<br><br>Assorted Jewelry; Assorted Designer Shoes; Assorted Designer Purses and Glasses; and Sony PlayStation 5 with Controllers (CATS Nos. 21-DEA-683059, 683398, 683401 and 683403) | Misc. No.: 2:21-mc-51517-SJM<br><br>Hon. Stephen J. Murphy, III |

**STIPULATED ORDER EXTENDING UNITED STATES' TIME TO FILE FORFEITURE COMPLAINT AND TO TOLL THE CIVIL FILING DEADLINE**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and LeMarke and Tiera Gates, by and through their attorney, Steven Fishman, as follows:

1. On September 2, 2021, Drug Enforcement Administration ("DEA") seized the following property:

   - Assorted Jewelry valued at: $17,100.00;

   - Assorted Designer Shoes valued at: $40,982.38;

   - Assorted Designer Purses and Glasses valued at: $15,237.74; and

   - Sony PlayStation 5 with Controllers, Serial No: AJ155009477

   (referred to herein as the "Property").

2. The Parties acknowledge and stipulate that the DEA provided notice

as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to LeMarke and Tiera Gates.

3. LaMarke and Tiera Gates filed a claim in the administrative forfeiture proceeding with the DEA regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The DEA referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **February 10, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and

(B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. LeMarke and Tiera Gates knowingly, intelligently, and voluntarily give up any rights they may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **February 10, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **February 10, 2022** to and including **May 11, 2022**.

9. LeMarke and Tiera Gates waive all constitutional and statutory challenges related to the foregoing extension and give up any rights they may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. LeMarke and Tiera Gates further waive and agree to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including,

but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10.  LeMarke and Tiera Gates agree that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **May 11, 2022**, whichever occurs first, the Property shall remain in the custody of the United States and LeMarke and Tiera Gates shall not seek its return for any reason in any manner.

11.  By signing below, Steven Fishman declares that prior to signing this Stipulation, he provided a copy of it to LeMarke and Tiera Gates, reviewed it with LeMarke and Tiera Gates, consulted with LeMarke and Tiera Gates regarding its contents, answered any questions LeMarke and Tiera Gates had about it, determined that LeMarke and Tiera Gates understand its terms and are aware of their rights in this matter, and LeMarke and Tiera Gates authorized Steven Fishman to sign this Stipulation.

12.  By their signatures below, the Parties agree to all of the terms and conditions stated herein.

SO ORDERED.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: December 14, 2021    United States District Court Judge

Approved as to form and substance:

Saima S. Mohsin
Acting United States Attorney

<u>S/Michael El-Zein</u>
Michael El-Zein (P79182)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9770
Michael.El-Zein@usdoj.gov

Dated: December 13, 2021

<u>s/ Steven Fishman (with consent)</u>
Steven Fishman
Attorney for LeMarke & Tiera Gates
615 Griswold, Suite 1120
Detroit, MI 48226
(313) 920-2001
Sfish66@yahoo.com

Dated:  December 13, 2021