UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE<br><br>Assorted Jewelry; Assorted Designer Shoes; Assorted Designer Purses and Glasses; Sony PlayStation 5 with Controllers; JP Morgan Chase Bank, Checking Acct. #843108010; JP Morgan Chase Bank, Checking Acct. #723400321; JP Morgan Chase Bank, Checking Acct. #868979860; JP Morgan Chase Bank, Savings Acct. #3372931211; JP Morgan Chase Bank, Savings Acct. #3372961229; and JP Morgan Chase Bank, Business Checking Acct. #636872571 (CATS Nos. 21-DEA-683059, 683398, 683401, 683403, 683404, 683434, 683438, 683439, 683440 and 683441); and<br><br>JP Morgan Chase Bank, $100,000.00 Cashier's Check #4556945545 (CATS No. 22-DEA-685662) | Misc. No.: 2:21-mc-51517-SJM<br><br>Hon. Stephen J. Murphy III |

**Stipulated Order Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and LeMarke and Tiera Gates, by and through their attorney, Steven Fishman, as follows:

1. On September 2, 2021, Drug Enforcement Administration seized the

following property:

- Assorted Jewelry valued at: $17,100.00;
- Assorted Designer Shoes valued at: $40,982.38;
- Assorted Designer Purses and Glasses valued at: $15,237.74;
- Sony PlayStation 5 with Controllers, Serial No: AJ155009477;
- JP Morgan Chase Bank, Checking Acct. #843108010, VL: $10,467.55;
- JP Morgan Chase Bank, Checking Acct. #723400321, VL: $1,108.87;
- JP Morgan Chase Bank, Checking Acct. #868979860, VL: $2,050.89;
- JP Morgan Chase Bank, Savings Acct. #3372931211, VL: $300.00;
- JP Morgan Chase Bank, Savings Acct. #3372961229, VL: $300.00; and
- JP Morgan Chase Bank, Business Checking Acct. #636872571, VL: $1,500.00.

And on November 6, 2021, the DEA seized the following property:

- JP Morgan Chase Bank, $100,000.00 Cashier's Check #4556945545 attributable to five cashier's checks

(collectively, "Subject Property").

    2.    The Parties acknowledge and stipulate that the DEA provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to

2

administratively forfeit the Subject Property to all known interested parties, including to LeMarke and Tiera Gates.

3. LaMarke and Tiera Gates filed claims in the administrative forfeiture proceedings with the DEA regarding the Subject Property. No other person has filed a claim to the Subject Property in the administrative forfeiture proceedings.

4. The DEA referred the administrative claims to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

(a) file a complaint for forfeiture against the claimed property,

(b) return the claimed property, or

(c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **April 18, 2022**, for the Cashier's Check seized on November 6, 2021, and **May 11, 2022** for the property seized on September 2, 2021, pursuant to the Court's prior Order, (ECF No. 3).

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by

agreement to extend the 90-day deadlines set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Subject Property.

7. LeMarke and Tiera Gates knowingly, intelligently, and voluntarily give up any rights they may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action by **April 18, 2022**, or **May 11, 2022**.

8. The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Subject Property, to return the Subject Property, and/or to include the Subject Property for forfeiture in a criminal action to toll the civil filing deadlines shall be extended **91 days** from **April 18, 2022**, and **68 days** from **May 11, 2022**, to and including **July 18, 2022**.

9. LeMarke and Tiera Gates waive all constitutional and statutory challenges related to the foregoing extension and give up any rights they may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. LeMarke and Tiera Gates further waive and agree to the tolling of any rule or provision of law limiting the time for commencing, or

providing notice of, forfeiture proceedings with respect to the Subject Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. LeMarke and Tiera Gates agree that until the United States files a complaint for forfeiture against the Subject Property and/or alleges forfeiture of the Subject Property in a criminal action, or until **July 18, 2022**, whichever occurs first, the Subject Property shall remain in the custody of the United States and LeMarke and Tiera Gates shall not seek its return for any reason in any manner.

11. By signing below, Steven Fishman declares that prior to signing this Stipulation, he provided a copy of it to LeMarke and Tiera Gates, reviewed it with LeMarke and Tiera Gates, consulted with LeMarke and Tiera Gates regarding its contents, answered any questions LeMarke and Tiera Gates had about it, determined that LeMarke and Tiera Gates understand its terms and are aware of their rights in this matter, and LeMarke and Tiera Gates authorized Steven Fishman to sign this Stipulation.

//
//
//
//
//

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

SO ORDERED.

s/Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Court Judge

Dated: April 8, 2022

Approved as to form and substance:

DAWN N. ISON
United States Attorney

| | |
|---|---|
| S/Michael El-Zein | s/ Steven Fishman (with consent) |
| Michael El-Zein (P79182) | Steven Fishman |
| Assistant United States Attorney | Attorney for LeMarke & Tiera Gates |
| 211 W. Fort Street, Suite 2001 | 615 Griswold, Suite 1120 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9770 | (313) 920-2001 |
| Michael.El-Zein@usdoj.gov | Sfish66@yahoo.com |
| Dated: April 6, 2022 | Dated: April 6, 2022 |

6